[Civ. No. 51522. First Dist., Div. Two. Dec. 17, 1982.]

VICTOR HESS et al., Plaintiffs and Appellants, v.
FAIR EMPLOYMENT AND HOUSING COMMISSION,
Defendant and Respondent;
JOHN PRYOR et al., Real Parties in Interest and Respondents.

COUNSEL

Glynn P. Falcon and Malovos & Chasuk for Plaintiffs and Appellants.

George Deukmejian, Attorney General, and Marian M. Johnston, Deputy Attorney General, for Defendant and Respondent.

John Pryor and Debbie Rodgers, in pro. per., for Real Parties in Interest and Respondents.

OPINION

**MILLER, J.**—Victor and Helen Hess appeal from a judgment denying their petition for writ of administrative mandamus, which sought to compel respon-

dent to set aside its decision holding that appellants unlawfully discriminated against real parties in interest.

Real parties in interest John Pryor and Debbie Rodgers reached an agreement to rent a duplex owned by appellants, and paid a deposit on the unit. The Hesses subsequently learned that Pryor and Rodgers are an unmarried couple, and refused to rent to them. Appellants admitted that they would have rented the unit to Pryor and Rodgers had they been married and, in fact, rented the unit to a similarly situated couple who were married.

On May 15, 1979, Pryor and Rodgers filed a complaint with the Division of Fair Employment Practices[1] of respondent Fair Employment and Housing Commission, alleging that appellants denied them housing on the basis of their marital status. An accusation was subsequently issued by the division, charging the Hesses with unlawful discrimination. An administrative hearing was held on January 7, 1980, and on April 3, 1980, respondent issued a decision finding that the Hesses had unlawfully discriminated against real parties and awarded $1,000 each to Pryor and Rodgers.

The Hesses' petition for writ of administrative mandamus was denied. This appeal follows.

■ Government Code section 12955[2] provides in pertinent part, "It shall be unlawful: [¶] (a) For the owner of any housing accommodation to discriminate against any person because of the . . . marital status . . . of such person."

The commission determined that the Hesses violated this provision and issued the following findings of fact:

"VII. On or about May 10, 1979, respondent Victor Hess asked complainants if they were married. Upon being advised that they were not, respondents refused to rent the duplex unit to complainants. The refusal to rent was based solely upon complainants' marital status.

". . . . . . . . . . . . . . . . . . . . . . .

"X. Respondents would have rented the Sierra Street unit to complainants had they been married."

---

[1] Now the Department of Fair Employment and Housing.

[2] Formerly Health and Safety Code section 35720. Health and Safety Code sections 35700 to 35745 were repealed by Statute 1980, chapter 992, section 8, page 3166. The subject of housing discrimination is covered by Government Code section 12900 et seq.

Based on these findings, the commission concluded "the refusal to rent to John Pryor and Debbie Rodgers constitutes impermissible discrimination on the basis of marital status."

The Hesses admit they apply one financial criterion to married couples and another to those who are unmarried and, in fact, state in their opening brief, "All parties to this controversy agree that the act complained of was the business practice of [the Hesses] to require that each person of an unrelated couple separately qualify financially to rent the duplex, while requiring that only one spouse of a married couple so qualify." Appellants followed this "business practice" to the letter with respect to real parties in interest. Appellants knew that Ms. Rodgers was pregnant and would not be working following the birth; she therefore did not qualify individually to rent the unit. Upon learning that Pryor and Rodgers were not married, appellants refused to aggregate their incomes, although they qualified as a couple, as Pryor's income alone was sufficient. The unit in question was later rented to another couple of which the woman was pregnant but, as they were married, the aggregate of their incomes was sufficient.

The trial court concluded that each finding of fact made by respondent, including those concerning the discrimination practiced by appellants, was "supported by the weight of the evidence."[3]

Appellants argue that having different financial criteria for married and unmarried persons, in the absence of any "moral judgment," does not constitute discrimination based on marital status. We find this argument unpersuasive.

The California Fair Employment and Housing Act[4] prohibits discrimination based on marital status, including that against unmarried couples. (*Atkisson* v. *Kern County Housing Authority* (1976) 59 Cal.App.3d 89, 99 [130 Cal.Rptr. 375].)

As no California law specifically addresses the issue raised by this appeal, we analogize to the federal Equal Credit Opportunity Act, which contains a provision substantively equivalent to Government Code section 12955. Title 15, United States Code section 1691(a) provides in pertinent part: "It shall be unlawful for any creditor to discriminate against any applicant . . . — [¶] (1) on the basis of . . . marital status . . . " In *Markham* v. *Colonial Mort. Serv.*

---

[3]Appellants never address the issue of the proper standard for review of an agency's decision to be used by the reviewing court with a petition for writ of administrative mandamus. We, therefore, find it unnecessary to discuss this question. However, respondent's findings are supported by the evidence under both the independent judgment and the substantial evidence tests.

[4]Government Code sections 12900-12996.

*Co., Associates* (D.C. Cir. 1979) 605 F.2d 566, the court, interpreting section 1691(a), considered a practice almost identical to that of appellants — i.e., creditors refusing to aggregate the income of unmarried applicants in situations where the incomes of similarly situated married applicants would have been aggregated. The court held that this practice violated the Equal Credit Opportunity Act, in particular section 1691(a), and stated, "[I]t is plain that [defendant] treated plaintiffs differently — that is, refused to aggregate their incomes — solely because of their marital status, which is precisely the sort of discrimination prohibited by section 1691(a)(1) on its face." (605 F.2d at p. 569.)

Appellants further argue that a landlord's financial interests would be harmed by requiring him to apply the same financial standards to married and unmarried persons, as a landlord may seek to hold community property liable for any rent unpaid by a married couple, while unmarried persons are not legally responsible for each other's debts. However, a landlord can require each tenant to be personally liable for the amount of the rent. Such a practice gives a landlord a contractual cause of action against each tenant, whether married or not.

As no legitimate business interest exists to justify appellants' practice, respondent properly found that appellants unlawfully discriminated against real parties based on their marital status.

■ Government Code section 12987[5] provides for the payment of actual and punitive damages in a maximum amount of $1,000 to each aggrieved person injured as a result of housing discrimination. In the instant case respondent awarded the maximum amount to each of the real parties.

Appellants contend that real parties together constitute one "aggrieved person" and that the award of $1,000 to each gave them a double recovery. This contention is based on the definitional provision of the Fair Employment and Housing Act, Government Code section 12925,[6] which provides "As used in this part . . . [¶] (d) 'Person' includes one or more individuals . . . . " Appellants argue that this section permits a maximum total award of $1,000 for any instance of discrimination.

We find the Attorney General's opinion as to this question dispositive. In 56 Ops.Cal.Atty.Gen. 332 (1973), the Attorney General concluded that each aggrieved individual could receive the statutory maximum (then $500) under Government Code section 12987[7] and stated, "To limit the recovery to $500 in

---

[5]Former Health and Safety Code section 35738; see footnote 2.

[6]Former Health and Safety Code section 35710; see footnote 2.

[7]Then Health and Safety Code section 35738; see footnote 2.

the aggregate would be to defeat the intent of the Legislature, hinder the implementation of the announced public policy of the state, and controvert the clear meaning of prior statutory schemes. (56 Ops.Cal.Atty.Gen. at p. 338.)

Nothing in the language of Government Code section 12987 requires the aggrieved person to prove $1,000 in out-of-pocket losses; the statute authorizes payment for actual and punitive damages. However, there is evidence in the record that real parties incurred out-of-pocket losses, including the forfeiture of the deposit on their previous apartment and storage costs. Evidence also supports the finding that real parties suffered additional actual damages as a result of appellant's conduct, i.e., emotional distress resulting from the denial of housing and from having one's child born without a permanent home.

Based on this evidence, we conclude that respondent's determination of unlawful discrimination by appellants and its award of damages to real parties are supported by the evidence and are proper.

The denial of appellants' petition for writ of administrative mandamus is affirmed.

Grodin, P. J., and Smith, J., concurred.